UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEANNE GASTON,

            Plaintiff,

-against-

TODD ROTHENBERG,

            Defendant.

---

1:19-cv-00164 (ALC)

<u>OPINION AND ORDER</u>

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Deanne Gaston brings this action against Defendant Todd Rothenberg, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. Before the court is Plaintiff's motion for default judgment. Pl.'s Mot. Default J., ECF No. 15. After careful consideration, Plaintiff's motion is **DENIED**.

## BACKGROUND

Plaintiff commenced this action on January 7, 2019. *See* Compl., ECF No. 1. In his Complaint, Plaintiff alleges that he received a letter from the Defendant in October of 2018, which indicated the Defendant was hired by 561 Lenox Avenue LLC to collect a debt of $3,600. *Id.* ¶ 7. The letter also stated that failure to pay the debt by October 31, 2018 would result in a lawsuit being brought against Plaintiff. *Id.* ¶ 8. In addition, the letter failed to disclose Plaintiff's right to dispute the debt, Defendant's role as a debt collector and that information obtained from Plaintiff could be used for debt collection purposes. *Id.* ¶¶ 9–10.

On February 15, 2019, formal service of process was effectuated on the Defendant and consequently, he was required to answer or otherwise respond to the Complaint by March 8, 2019. Defendant failed to respond to Plaintiff's Complaint by the required deadline, but instead filed a notice of appearance on March 11, 2019. Subsequently, on April 8, 2019, Plaintiff

obtained a Clerk's Certificate of Default. Defendant then filed an Answer to the Complaint on April 17, 2019. Following the Answer, on May 25, 2019, Plaintiff filed the instant motion for default judgment.

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets out a two-step process for the entry of default judgment. *See Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 95 (2d Cir. 1993). First, the Clerk of the Court automatically enters a certificate of default after the party seeking a default submits an affidavit showing that the other party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a); Local Civil Rule 55.1. Second, after a certificate of default has been entered by the Clerk, the court, on plaintiff's motion, will enter a default judgment against a defendant that has failed to plead or otherwise defend the action brought against it. *See* Fed. R. Civ. P. 55(b)(2). However, a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).

In cases where the defaulted defendant opposes a motion for default judgment, "courts treat the opposition as a motion to vacate entry of default and examine whether good cause exists to vacate the entry." *Capitol Records v. Defries,* No. 11 CIV. 6808, 2012 WL 3041583, at *5 (S.D.N.Y. July 20, 2012); Fed. R. Civ. P. 55(c). "While Rule 55(c) does not define 'good cause,' [the Second Circuit] has advised district courts to consider three criteria in deciding a Rule 55(c) motion: (1) whether the default was willful; (2) whether setting aside the default would prejudice the party for whom default was awarded; and (3) whether the [defendant] has presented a meritorious defense." *Peterson v. Syracuse Police Dep't,* 467 F. App'x 31, 33 (2d Cir. 2012) (citing *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 96 (2d Cir. 1993)). In general, "motions for default judgments will be denied where a party appears to defend unless it is clear that under no circumstances could the defense succeed." *Jiggetts v. United Parcel Serv.,* No. 14-

CV-8291, 2017 WL 222118, at *2 (S.D.N.Y. Jan. 17, 2017) (quoting *Rankel v. Kabateck*, No. 12 CV 216, 2013 WL 7161687, at *7 n.8 (S.D.N.Y. Dec. 9, 2013)).

## DISCUSSION

The Court must first consider whether the default was willful. In the context of a motion for default judgment, the Second Circuit has determined willfulness "'refer[s] to conduct that is more than merely negligent or careless,' but is instead 'egregious and . . . not satisfactorily explained.'" *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (quoting *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir.1998)). In this case, Defendant does not dispute that he was aware of the proceeding. Instead, he argues his response to Plaintiff's Complaint was untimely because he believed a small claims action related to this case would resolve Plaintiff's claims currently before the Court. Defendant further notes that he is a solo practitioner with limited experience in litigating in federal court. Thus far, the Defendant has taken steps to defend this action, including filing an appearance, an Answer and an opposition brief to Plaintiff's motion for default judgment. Accordingly, the Defendant's aforementioned conduct, despite being untimely, "evidences his intent to fulfill his obligations as a litigant." *Enron Oil Corp.*, 10 F.3d at 98. The Court therefore finds the default was not willful and thus the first factor weighs in favor of vacating the default.

Next the Court must determine whether Plaintiff would suffer prejudice from the Court setting aside the default. The Second Circuit has held that delay in it of itself does not establish prejudice. *See Enron Oil Corp.*, 10 F.3d at 98. "Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (internal quotation

3

marks omitted); *see also Carrasco v. Acropol Rest. Corp.*, No. 18-CV-7883, 2019 WL 2325556, at *3 (S.D.N.Y. May 31, 2019). Here, Plaintiff has not offered any evidence to suggest that delay will prejudice her if the case were to proceed. Furthermore, considering the early posture of the case, the Court cannot identify any factors showing Plaintiff is or will be prejudiced by Defendant's two month delay in responding to the Complaint. Hence, the second factor weighs in favor of setting aside the default.

Lastly, the Court must assess whether a Defendant has presented a meritorious defense. "In order to make a sufficient showing of a meritorious defense ... the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." *New York v. Green*, 420 F.3d 99, 109 (2d Cir. 2005) (quoting *McNulty*, 137 F.3d at 740). In this case, Defendant asserts a bona fide error defense pursuant to 15 U.S.C. § 1692k(c), which provides

> [a] debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

*Id.* Defendant alleges that in drafting his letter he relied on a small claims demand letter form that was available on the website of the Civil Court of the City of New York. *See Demand Letter*, Small Claims Forms, https://www.nycourts.gov/courts/nyc/civil/pdfs/UCS124_DmdLtr.pdf. He further states, he believed he needed to mail Plaintiff this letter in order to initiate a small claims action against Plaintiff. If true, the Defendant would have a complete defense. Therefore, the Court finds the Defendant has presented a meritorious defense and that the third factor weighs in favor of vacating the default.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for default judgment is **DENIED**.

SO ORDERED.

Dated: November 5, 2019
      New York, New York

_____
ANDREW L. CARTER, JR.
United States District Judge